UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | ) | CASE NO. 3:11CV2437 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN, LONDON CORRECTIONAL | ) | **MEMORANDUM OPINION** |
| INSTITUTION, | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

This matter is before the Court on petitioner's motion for relief from judgment. (Doc. No. 42.) Respondent filed his opposition (Doc. No. 43) and petitioner filed a reply (styled as a "response contra") (Doc. No. 45). Petitioner has also filed a motion to expand the record and to revive procedurally defaulted claims. (Doc. No. 46.) The Court perceives no reason to wait for or require any response to that motion.

On March 20, 2012, this Court denied petitioner's motion to stay and dismissed his habeas petition with prejudice, certifying that an appeal could not be taken in good faith and that there was no basis upon which to issue a certificate of appealability. (*See* Doc. Nos. 30, 31 [Memorandum Opinion and Judgment Entry].) The Court made this determination because petitioner's first ground for relief was not cognizable in habeas proceedings, and his second and third grounds for relief were both procedurally defaulted. (Memorandum Opinion at 1260.)

On April 9, 2012, petitioner filed a notice of appeal (Doc. No. 33), through counsel who had made an appearance on January 15, 2012. (*See* Doc. No. 28.) Petitioner filed a

*pro se* notice of appeal on May 9, 2012 (Doc. No. 34),[1] followed by a *pro se* motion for certificate of appealability on May 14, 2012 (Doc. No. 35), and a *pro se* notice of completion of exhaustion on May 21, 2012 (Doc. No. 36). On May 22, 2012, this Court denied the motion for certificate of appealability, pointing out that it had already ruled that there was no basis for issuing one and directing that the request and arguments would be better made to the Sixth Circuit Court of Appeals. (*See* Doc. No. 37.)

On December 14, 2012, the Court of Appeals denied petitioner's application for a certificate of appealability and his request to proceed *in forma pauperis* on appeal. (Doc. No. 41.) The order does not explicitly dismiss the appeal, but the docket of the Sixth Circuit shows the appeal as "termed" as of December 14, 2012, and the denial order is the last entry on the docket.[2]

Although not apparent from the record in the instant case, petitioner filed another habeas petition (Case No. 3:14-cv-444), which this Court transferred to the Sixth Circuit Court of Appeals on March 19, 2014, as a second or successive petition requiring leave of that court to proceed. (*See* Case No. 3:14-cv-444, Doc. No. 3.) The Court of Appeals denied leave on September 24, 2014. (*Id.*, Doc. No. 4.)

The instant motion for relief from judgment was filed *pro se* on October 27, 2014. In his motion, petitioner argues that the dismissal of his first habeas petition by this Court must be "seriously question[ed]" (Motion at 1297), and that "[t]he denial for failure to exhaust state

---

[1] The court of appeals subsequently dismissed this appeal as a duplicate of the earlier appeal. (*See* Doc. No. 40.)

[2] The order states: "Reasonable jurists would agree that Rodriguez's claims do not deserve encouragement to proceed further. The first claim is not cognizable . . . . [and] Rodriguez procedurally defaulted his second and third claims[.]" (Doc. No. 41 at 1294-95.)

2

remedy's [sic] was an error[.]" (*Id.*) The Sixth Circuit does not agree—in fact, it has rejected that argument twice.

There is no merit to either of petitioner's motions. These matters are *res judicata* in light of the Sixth Circuit's denial of leave to proceed with a second or successive petition. The Court need devote no further time to petitioner's repeated arguments, nor should the respondent be required to needlessly respond to the latest motion to expand the record and reinstate procedurally defaulted claims.

Accordingly, Doc. Nos. 42 and 46 are **DENIED**. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 11, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**